1  LOUIS R. MILLER (State Bar No. 54141)
   smiller@millerbarondess.com
2  A. SASHA FRID (State Bar No. 216800)
   sfrid@millerbarondess.com
3  JASON H. TOKORO (State Bar No. 252345)
   jtokoro@millerbarondess.com
4  JOSHUA C. LEE (State Bar No. 268606)
   jlee@millerbarondess.com
5  MILLER BARONDESS, LLP
6  1999 Avenue of the Stars, Suite 1000
   Los Angeles, California 90067
7  Telephone:   (310) 552-4400
   Facsimile:    (310) 552-8400
8

9  Attorneys for Defendants
   NMS Properties, Inc.; NMS Capital Partners
10 I, LLC; Neil Shekhter; and Margot Shekhter

11

12                 **UNITED STATES DISTRICT COURT**

13        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

14

15 MARKEL AMERICAN INSURANCE          **CASE NO. 2:17-cv-03309-RGK-SS**
   COMPANY, a Virginia corporation,
16                                     **ANSWER TO COMPLAINT;**
                Plaintiff,             **COUNTERCLAIM**
17
        v.                             DEMAND FOR JURY TRIAL
18
19 NMS PROPERTIES, INC., *et al.*,
                                       Assigned to the Hon. R. Gary Klausner
20              Defendants.
                                       Action Filed:   May 2, 2017
21 ─────────────────────────────

22 NMS PROPERTIES, INC., *et al.*,

23              Counter-Claimants,

24         v.

25 MARKEL AMERICAN INSURANCE
   COMPANY, a Virginia corporation.
26
27              Counter-Defendant.

28 ─────────────────────────────

*Left margin (vertical):* MILLER BARONDESS, LLP  ATTORNEYS AT LAW  1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067  TEL:(310) 552-4400   FAX:(310) 552-8400

341743.1                                          Case No. 2:17-cv-03309-RGK-SS
                    ANSWER TO COMPLAINT; COUNTERCLAIM

Defendants NMS Properties, Inc. ("NMS Properties"); NMS Capital Partners I, LLC ("NMS Capital Partners"); Neil Shekhter; and Margot Shekhter (collectively, "Defendants") hereby respond to the Complaint of Plaintiff Markel American Insurance Company ("MAIC") as follows:

1.      Defendants admit that MAIC purports to bring an action for breach of contract and declaratory relief against Defendants.  Defendants deny that MAIC has stated a claim for either (or any) form of relief.  Except as expressly admitted, Defendants deny the allegations in paragraph 1.

2.      Defendants admit that MAIC issued insurance policies to Defendant NMS Properties, Inc. and that MAIC purports to seek declaratory relief and damages.  Defendants deny that MAIC is entitled to either (or any) form of relief. Except as expressly admitted, Defendants deny the allegations in paragraph 2.

## INTRODUCTION

3.      Denied.

## THE PARTIES, JURISDICTION, AND VENUE

4.      Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 and therefore deny them.

5.      Defendant NMS Properties, Inc. admits that it is a California Corporation, that it has an office at 1430 5th Street, Suite 101, Santa Monica, California, 90401, is privately owned, and manages properties in Los Angeles.  The remaining allegations in paragraph are legal conclusions or statements of opinion to which no response is required.  To the extent a response is deemed necessary, Defendant NMS Properties, Inc. lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 and therefore denies them. Except as expressly admitted, Defendants deny the allegations in paragraph 5.

6.      Defendant NMS Capital Partners I, LLC admits that it is a limited liability company organized under the laws of California, and that the Statement of Information referred to in paragraph 6 speaks for itself.  The remaining allegations

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

in paragraph 6 are legal conclusions or statements of opinion to which no response is required.  To the extent a response is deemed necessary, Defendant NMS Capital Partners I, LLC lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 and therefore denies them.  Except as expressly admitted, Defendants deny the allegations in paragraph 6.

7.      Defendant Neil Shekhter admits that he is an individual residing in Los Angeles County, California and is the Chief Executive Officer of Defendant NMS Properties, Inc.  The remaining allegations in paragraph 7 are legal conclusions or statements of opinion to which no response is required.  To the extent a response is deemed necessary, Defendant Neil Shekhter lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 and therefore denies them.  Except as expressly admitted, Defendants deny the allegations in paragraph 7.

8.      Defendant Margot Shekhter admits that she is an individual residing in Los Angeles County, California and is the Chief Financial Officer of Defendant NMS Properties, Inc.  The remaining allegations in paragraph 8 are legal conclusions or statements of opinion to which no response is required.  To the extent a response is deemed necessary, Defendant Margot Shekhter lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 and therefore denies them.  Except as expressly admitted, Defendants deny the allegations in paragraph 8.

9.      Defendants admit the allegations in the first sentence of paragraph 9. Defendants admit that MAIC has attached what purport to be copies of insurance policies issued to Defendant NMS Properties, Inc. as Exhibits A and B to its Complaint, the terms of which (to the extent they are true, correct and complete) speak for themselves.

10.      Defendants admit that Exhibit A to the Complaint shows an Aggregate Limit of Liability for the Directors and Officers and Company Liability Coverage

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   Part of $3,000,000 and an Aggregate Limit of Liability for the Employment

2   Practices and Third Party Discrimination Liability Coverage Part of $3,000,000,

3   with a Combined Aggregate Limit of Liability of $6,000,000.  Defendants admit

4   that Exhibit B to the Complaint shows an Aggregate Limit of Liability for the

5   Directors and Officers and Company Liability Coverage Part of $3,000,000 and a

6   Combined Aggregate Limit of Liability of $3,000,000.  Defendants admit that the

7   Directors and Officers and Company Liability Coverage Part of Exhibits A and B

8   states a Coverage Part Retention of $50,000 Each Claim under Insuring Agreements

9   B and C and a Coverage Part Retention of $0 Each Claim under Insuring Agreement

10  A.  Defendants admit that Exhibits A and B impose on MAIC a duty to defend.

11  Except as expressly admitted, Defendants deny the allegations in paragraph 10.

12      11.    The allegations in paragraph 11 are legal conclusions or statements of

13  opinion to which no response is required.  To the extent a response is deemed

14  necessary, Defendants lack information sufficient to form a belief as to the truth or

15  falsity of the allegations in paragraph 11 and therefore deny them.  Except as

16  expressly admitted, Defendants deny the allegations in paragraph 11.

17      12.    The allegations in paragraph 12 are legal conclusions or statements of

18  opinion to which no response is required.  To the extent a response is deemed

19  necessary, Defendants lack information sufficient to form a belief as to the truth or

20  falsity of the allegations in paragraph 12 and therefore deny them.  Except as

21  expressly admitted, Defendants deny the allegations in paragraph 12.

22      13.    Denied.  To the extent paragraph 13 means that subsequent paragraphs

23  in the Complaint do not contain MAIC's own allegations, but rather reproduce or

24  characterize others' allegations in other actions, Defendants specifically deny that

25  MAIC has accurately reproduced or characterized such allegations.  To the extent a

26  response is required to MAIC's characterizations of others' allegations in other

27  actions, Defendants respond as set forth below.

28      14.    Defendants deny that the allegations in paragraph 14 accurately state or

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants admit that some of them own and/or manage and/or develop residential properties in Los Angeles. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 14, including in particular who the non-party "NMS Entitles" are), and therefore deny them.  Except as expressly admitted, Defendants deny the allegations in paragraph 14.

15.     Defendants deny that the allegations in paragraph 15 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendant Neil Shekhter admits that he discussed the possibility of a joint venture with a representative of non-party AEW Capital Management in or about 2010.  Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the "NMS Entities," who are not identified in the Complaint, and therefore deny such allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 15.

16.     Defendants deny that the allegations in paragraph 16 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   of the Federal Rules of Civil Procedure to assert the allegations of others as though

2   they are its own allegations.  To the extent a response is required to MAIC's

3   characterizations of others' allegations in other actions, Defendant Shekhter admits

4   that he and one or more representatives of non-party AEW Capital Management,

5   L.P. exchanged one or more term sheets regarding a possible joint venture, which

6   speak for themselves.  Defendants admit that the entities P6 LA MF Holdings SPE,

7   LLC and NMS Capital Partners I, LLC eventually were formed, and that the former

8   became the so-called "investor member" and the latter the "operating member" of a

9   joint venture.  Except as expressly admitted, Defendants deny the allegations in

10   paragraph 16.

11         17.    Defendants deny that the allegations in paragraph 17 accurately state or

12   characterize the allegations in any complaint or cross-complaint filed against

13   Defendants in any action.  Such complaints and cross-complaints speak for

14   themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

15   of the Federal Rules of Civil Procedure to assert the allegations of others as though

16   they are its own allegations.  To the extent a response is required to MAIC's

17   characterizations of others' allegations in other actions, Defendants admit that Mr.

18   Shekhter and one or more representatives of non-party AEW Capital Management,

19   L.P. exchanged one or more term sheets regarding a possible joint venture, which

20   speak for themselves.  Except as expressly admitted, Defendants deny the

21   allegations in paragraph 17.

22         18.    Defendants deny that the allegations in paragraph 18 accurately state or

23   characterize the allegations in any complaint or cross-complaint filed against

24   Defendants in any action.  Such complaints and cross-complaints speak for

25   themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

26   of the Federal Rules of Civil Procedure to assert the allegations of others as though

27   they are its own allegations.  To the extent a response is required to MAIC's

28   characterizations of others' allegations in other actions, Defendants lack information

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1  sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18

2  and therefore deny them.  Except as expressly admitted, Defendants deny the

3  allegations in paragraph 18.

4       19.    Defendants deny that the allegations in paragraph 19 accurately state or

5  characterize the allegations in any complaint or cross-complaint filed against

6  Defendants in any action.  Such complaints and cross-complaints speak for

7  themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

8  of the Federal Rules of Civil Procedure to assert the allegations of others as though

9  they are its own allegations.  To the extent a response is required to MAIC's

10  characterizations of others' allegations in other actions, Defendants lack information

11  sufficient to form a belief as to the truth or falsity of allegations pertaining to the

12  "NMS Entities," who are not identified in the Complaint, and therefore deny such

13  allegations.  Except as expressly admitted, Defendants deny the allegations in

14  paragraph 19.

15       20.    Defendants deny that the allegations in paragraph 20 accurately state or

16  characterize the allegations in any complaint or cross-complaint filed against

17  Defendants in any action.  Such complaints and cross-complaints speak for

18  themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

19  of the Federal Rules of Civil Procedure to assert the allegations of others as though

20  they are its own allegations.  To the extent a response is required to MAIC's

21  characterizations of others' allegations in other actions, Defendants admit that a

22  version of a joint venture agreement executed on or about September 8, 2010 speaks

23  for itself.  Except as expressly admitted, Defendants deny the allegations in

24  paragraph 20.

25       21.    Defendants deny that the allegations in paragraph 21 accurately state or

26  characterize the allegations in any complaint or cross-complaint filed against

27  Defendants in any action.  Such complaints and cross-complaints speak for

28  themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants deny the allegations in paragraph 21.

22.     Defendants deny that the allegations in paragraph 22 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants Neil and Margot Shekhter admit that they executed an Undertaking of Principals, the terms of which speak for themselves.  Except as expressly admitted, Defendants deny the allegations in paragraph 22.

23.     Defendants deny that the allegations in paragraph 23 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants deny the allegations in paragraph 23.

24.     Defendants deny that the allegations in paragraph 24 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

characterizations of others' allegations in other actions, Defendants deny the allegations in paragraph 24.

25. Defendants deny that the allegations in paragraph 25 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action. Such complaints and cross-complaints speak for themselves. Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations. To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants deny the allegations in paragraph 25.

26. Defendants deny that the allegations in paragraph 26 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action. Such complaints and cross-complaints speak for themselves. Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations. To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the "NMS Entities," who are not identified in the Complaint, and therefore deny such allegations. Defendants deny the remaining allegations in paragraph 26.

27. Defendants deny that the allegations in paragraph 27 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action. Such complaints and cross-complaints speak for themselves. Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations. To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

1   "NMS Entities," who are not identified in the Complaint, and therefore deny such

2   allegations.  Defendants deny the remaining allegations in paragraph 27.

3        28.    Defendants deny that the allegations in paragraph 28 accurately state or

4   characterize the allegations in any complaint or cross-complaint filed against

5   Defendants in any action.  Such complaints and cross-complaints speak for

6   themselves.  To the extent a response is required to MAIC's characterizations of

7   others' allegations in other actions, Defendants admit that various people and

8   entities, including Defendants Neil and Margot Shekhter and Defendant NMS

9   Capital Partners I, LLC filed a lawsuit captioned *Lincoln Studios LLC, et al v. DLA,*

10  *et al.*, Case No. BC551551 in Los Angeles Superior Court in or about July 2014.

11  Except as expressly admitted, Defendants deny the allegations in paragraph 28.

12       29.    Defendants deny that the allegations in paragraph 29 accurately state or

13  characterize the allegations in any complaint or cross-complaint filed against

14  Defendants in any action.  Such complaints and cross-complaints speak for

15  themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

16  of the Federal Rules of Civil Procedure to assert the allegations of others as though

17  they are its own allegations.  To the extent a response is required to MAIC's

18  characterizations of others' allegations in other actions, Defendants lack information

19  sufficient to form a belief as to the truth or falsity of allegations pertaining to the

20  "NMS Entities," who are not identified in the Complaint, and therefore deny such

21  allegations.  Defendants lack information sufficient to form a belief as to the truth or

22  falsity of the remaining allegations in paragraph 29, and therefore deny them.

23       30.    Defendants deny that the allegations in paragraph 30 accurately state or

24  characterize the allegations in any complaint or cross-complaint filed against

25  Defendants in any action.  Such complaints and cross-complaints speak for

26  themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

27  of the Federal Rules of Civil Procedure to assert the allegations of others as though

28  they are its own allegations.  To the extent a response is required to MAIC's

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

characterizations of others' allegations in other actions, Defendants admit that the complaint filed in the Lincoln Studios Action was amended twice.  Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the "NMS Entities," who are not identified in the Complaint, and therefore deny such allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 30.

31.     Defendants deny that the allegations in paragraph 31 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants admit that non-party P6 LA MF Holdings I, LLC, and others, filed a lawsuit captioned *P6 LA MF Holdings I LLC, et al v. NMS Properties, Inc.*, Case No. BC 584878 in or about June 2015 in Los Angeles Superior Court.  Except as expressly admitted, Defendants deny the allegations in paragraph 31.

32.     Defendants deny that the allegations in paragraph 32 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendant NMS Properties, Inc. admits that non-party P6 LA MF Holdings SPE, LLC attempted to terminate it as property manager of certain properties on or about May 6, 2015 and that the purported termination is invalid.  Except as expressly admitted, Defendants deny the allegations in paragraph 32.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

33.   Defendants deny that the allegations in paragraph 33 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the "NMS Entities," who are not identified in the Complaint, and therefore deny such allegations.  Defendants deny the remaining allegations in paragraph 33.

34.   Defendants deny that the allegations in paragraph 34 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the "NMS Entities," who are not identified in the Complaint, and therefore deny such allegations.  Defendants deny the remaining allegations in paragraph 34.

35.   Defendants deny that the allegations in paragraph 35 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants deny the allegations in paragraph 35.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400     FAX: (310) 552-8400

36.   Defendants deny that the allegations in paragraph 36 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the "NMS Entities," who are not identified in the Complaint, and therefore deny such allegations.  Defendants deny the remaining allegations in paragraph 36, including those in footnote 1 to the Complaint.

37.   Defendants deny that the allegations in paragraph 37 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants deny the allegations in paragraph 37.

38.   Defendants deny that the allegations in paragraph 38 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants admit that the Court in the Lincoln Studios Action issued orders on or about September 8, 2015 and October 6, 2015, which speak for themselves.  Defendants lack information

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1 sufficient to form a belief as to the truth or falsity of allegations pertaining to the

2 "NMS Entities," who are not identified in the Complaint, and therefore deny such

3 allegations.  Except as expressly admitted, Defendants deny the allegations in

4 paragraph 38, including those in footnote 2 to the Complaint.

5     39.    Defendants deny that the allegations in paragraph 39 accurately state or

6 characterize the allegations in any complaint or cross-complaint filed against

7 Defendants in any action.  Such complaints and cross-complaints speak for

8 themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

9 of the Federal Rules of Civil Procedure to assert the allegations of others as though

10 they are its own allegations.  To the extent a response is required to MAIC's

11 characterizations of others' allegations in other actions, Defendants admit that a

12 motion for terminating and other sanctions was filed in the Lincoln Studios Action

13 on or about September 2015, that the motion was briefed, and that the Court

14 conducted a hearing on the motion.  Except as expressly admitted, Defendants deny

15 the allegations in paragraph 39.

16     40.    Defendants deny that the allegations in paragraph 40 accurately state or

17 characterize the allegations in any complaint or cross-complaint filed against

18 Defendants in any action.  Such complaints and cross-complaints speak for

19 themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

20 of the Federal Rules of Civil Procedure to assert the allegations of others as though

21 they are its own allegations.  To the extent a response is required to MAIC's

22 characterizations of others' allegations in other actions, Defendants admit that non-

23 party P6 LA MF Holdings SPE, LLC filed a cross-complaint against Defendant

24 NMS Capital Partners I, LLC in the Lincoln Studios Action on or about November

25 6, 2015.  Except as expressly admitted, Defendants deny the allegations in

26 paragraph 40.

27     41.    Defendants deny that the allegations in paragraph 41 accurately state or

28 characterize the allegations in any complaint or cross-complaint filed against

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  Defendants in any action.  Such complaints and cross-complaints speak for

2  themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

3  of the Federal Rules of Civil Procedure to assert the allegations of others as though

4  they are its own allegations.  To the extent a response is required to MAIC's

5  characterizations of others' allegations in other actions, Defendants admit they or

6  their attorneys sent one or more letters to one or more third parties, which speak for

7  themselves, and that some such letters attached a copy of the Third Amended

8  Complaint filed in the Lincoln Studios Action, which also speaks for itself.  Except

9  as expressly admitted, Defendants deny the allegations in paragraph 41.

10         42.     Defendants deny that the allegations in paragraph 42 accurately state or

11  characterize the allegations in any complaint or cross-complaint filed against

12  Defendants in any action.  Such complaints and cross-complaints speak for

13  themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

14  of the Federal Rules of Civil Procedure to assert the allegations of others as though

15  they are its own allegations.  To the extent a response is required to MAIC's

16  characterizations of others' allegations in other actions, Defendants admit that the

17  Court in the Lincoln Studios Action issued an order in or about April 2016

18  sustaining a demurrer to the Third Amended Complaint, which speaks for itself.

19  Except as expressly admitted, Defendants deny the allegations in paragraph 42.

20         43.     Defendants deny that the allegations in paragraph 43 accurately state or

21  characterize the allegations in any complaint or cross-complaint filed against

22  Defendants in any action.  Such complaints and cross-complaints speak for

23  themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

24  of the Federal Rules of Civil Procedure to assert the allegations of others as though

25  they are its own allegations.  To the extent a response is required to MAIC's

26  characterizations of others' allegations in other actions, Defendants admit they or

27  their attorneys sent one or more letters to one or more third parties, which speak for

28  themselves.  Defendants lack information sufficient to form a belief as to the truth or

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  falsity of allegations pertaining to the "NMS Entities," who are not identified in the

2  Complaint, and therefore deny such allegations.  Except as expressly admitted,

3  Defendants deny the allegations in paragraph 43

4       44.    Defendants deny that the allegations in paragraph 44 accurately state or

5  characterize the allegations in any complaint or cross-complaint filed against

6  Defendants in any action.  Such complaints and cross-complaints speak for

7  themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

8  of the Federal Rules of Civil Procedure to assert the allegations of others as though

9  they are its own allegations.  To the extent a response is required to MAIC's

10  characterizations of others' allegations in other actions, Defendants admit that the

11  Court in the Lincoln Studios Action issued a tentative ruling on or about July 29,

12  2016, which speaks for itself.  Defendants lack information sufficient to form a

13  belief as to the truth or falsity of allegations pertaining to the "NMS Entities," who

14  are not identified in the Complaint, and therefore deny such allegations.  Except as

15  expressly admitted, Defendants deny the allegations in paragraph 44.

16       45.    Defendants deny that the allegations in paragraph 45 accurately state or

17  characterize the allegations in any complaint or cross-complaint filed against

18  Defendants in any action.  Such complaints and cross-complaints speak for

19  themselves.  Defendants further deny that MAIC has any proper basis under Rule 11

20  of the Federal Rules of Civil Procedure to assert the allegations of others as though

21  they are its own allegations.  To the extent a response is required to MAIC's

22  characterizations of others' allegations in other actions, Defendants admit that a

23  hearing took place in the Lincoln Studios Action in or about October 2016 and that

24  the Court signed an order on or about November 22, 2016, which speaks for itself.

25  Defendants lack information sufficient to form a belief as to the truth or falsity of

26  allegations pertaining to the "NMS Entities," who are not identified in the

27  Complaint, and therefore deny such allegations.  Except as expressly admitted,

28  Defendants deny the allegations in paragraph 45.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

16

ANSWER TO COMPLAINT; COUNTERCLAIM

46.     Defendants deny that the allegations in paragraph 46 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants admit that one or more of them filed a complaint in Santa Monica Superior Court on or about December 1, 2016, which speaks for itself.  Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the "NMS Entities," who are not identified in the Complaint, and therefore deny such allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 46.

47.     Defendants deny that the allegations in paragraph 47 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants admit that the Court in the Lincoln Studios Action signed an amended default judgment on or about December 2, 2016, which speaks for itself.  Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the "NMS Entities," who are not identified in the Complaint, and therefore deny such allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 47.

48.     Defendants deny that the allegations in paragraph 48 accurately state or characterize the allegations in any complaint or cross-complaint filed against

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants admit that the amended default judgment in the Lincoln Studios Action speaks for itself. Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the "NMS Entities," who are not identified in the Complaint, and therefore deny such allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 48.

49.     Defendants deny that the allegations in paragraph 49 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants admit that the amended default judgment in the Lincoln Studios Action speaks for itself. Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the "NMS Entities," who are not identified in the Complaint, and therefore deny such allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 49.

50.     Defendants deny that the allegations in paragraph 50 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

ANSWER TO COMPLAINT; COUNTERCLAIM

characterizations of others' allegations in other actions, Defendants admit that one or more of them has filed an appeal(s) in the Lincoln Studios Action and that the findings of the Court in that action are not final.  Defendants deny filing an appeal in the Property Management Action, which has been stayed, or that the Court's "findings" in that action are non-final.  Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the "NMS Entities," who are not identified in the Complaint, and therefore deny such allegations.  Except as expressly admitted, Defendants deny the allegations in paragraph 50.

51.     Defendants deny that the allegations in paragraph 51 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants admit that one or more of them filed an opening brief in an appeal in the Lincoln Studios Action on or about April 12, 2017.  Except as expressly admitted, Defendants deny the allegations in paragraph 51.

52.     Defendants deny that the allegations in paragraph 52 accurately state or characterize the allegations in any complaint or cross-complaint filed against Defendants in any action.  Such complaints and cross-complaints speak for themselves.  Defendants further deny that MAIC has any proper basis under Rule 11 of the Federal Rules of Civil Procedure to assert the allegations of others as though they are its own allegations.  To the extent a response is required to MAIC's characterizations of others' allegations in other actions, Defendants admit that the complaint in the Federal RICO Action was filed on or about January 25, 2017, and that the complaint speaks for itself.  Defendants lack information sufficient to form a belief as to the truth or falsity of allegations pertaining to the "others" against whom the complaint in the RICO Action purportedly was filed, and therefore deny such

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1  allegations.  Except as expressly admitted, Defendants deny the allegations in

2  paragraph 52.

3  ## MAIC'S COVERAGE POSITION

4  53.    Defendants deny that MAIC has accurately or completely set forth,

5  interpreted, or characterized the excerpt of the "14-16 Policy" set forth in paragraph

6  53, or any other provision of that policy, which speaks for itself.

7  54.    The allegations in paragraph 54 of the Complaint are legal conclusions

8  to which no response is required.  To the extent a response is deemed necessary,

9  Defendants deny the allegations in paragraph 54.

10  55.    Defendants deny that MAIC has accurately or completely set forth,

11  interpreted, or characterized the excerpt of the "16-17 Policy" set forth in paragraph

12  55, or any other provision of that policy, which speaks for itself.  The allegations in

13  the first sentence of paragraph 55 of the Complaint are legal conclusions to which

14  no response is required.  To the extent a response is deemed necessary, Defendants

15  deny the allegations in paragraph 55.  Except as expressly admitted, Defendants

16  deny the allegations in paragraph 55.

17  56.    Defendants deny that MAIC has accurately or completely set forth,

18  interpreted, or characterized the excerpt of the "16-17 Policy" or the "14-16 Policy"

19  set forth in paragraph 56, or any other provision of those policies, which speak for

20  themselves.  Defendants admit that the Federal RICO Action and the SCRV Action

21  are Claims under the 16-17 Policy.  Except as expressly admitted, Defendants deny

22  the allegations in paragraph 56.

23  57.    Denied.

24  58.    The allegations in paragraph 58 of the Complaint are legal conclusions

25  to which no response is required.  To the extent a response is deemed necessary,

26  Defendants deny the allegations in paragraph 58.

27  59.    The allegations in paragraph 59 of the Complaint are legal conclusions

28  to which no response is required.  To the extent a response is deemed necessary,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   Defendants deny the allegations in paragraph 59.

2       60.    The allegations in paragraph 60 of the Complaint are legal conclusions
3   to which no response is required.  To the extent a response is deemed necessary,
4   Defendants deny the allegations in paragraph 60.

5       61.    The allegations in paragraph 61 of the Complaint are legal conclusions
6   to which no response is required.  To the extent a response is deemed necessary,
7   Defendants admit that NMS Capital Partners I, LLC is not named as an insured
8   under the 14-16 Policy or 16-17 Policy.  Except as expressly admitted, Defendants
9   deny the allegations in paragraph 61.

10       62.    The allegations in paragraph 62 of the Complaint are legal conclusions
11   to which no response is required.  To the extent a response is deemed necessary,
12   Defendants deny the allegations in paragraph 62.

13       63.    The allegations in paragraph 63 of the Complaint are legal conclusions
14   to which no response is required.  To the extent a response is deemed necessary,
15   Defendants deny the allegations in paragraph 63.

16       64.    The allegations in paragraph 64 of the Complaint are legal conclusions
17   to which no response is required.  To the extent a response is deemed necessary,
18   Defendants lack information sufficient to form a belief as to the truth or falsity of
19   allegations pertaining to "various express exclusions of the Policies and California
20   law" not identified in the Complaint, and therefore deny them.  Defendants deny the
21   remaining allegations in paragraph 64.

22              **FIRST CLAIM FOR RELIEF**

23          **(Judicial Declaration Against All Defendants )**

24       65.    Defendants incorporate their responses to the foregoing paragraphs as
25   though set forth in full herein.

26       66.    Denied.

27       67.    Defendants admit that MAIC purports to petition the Court for a
28   judicial declaration.  Defendants deny that MAIC is entitled to the judicial

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1 declaration it seeks.  Except as expressly admitted, Defendants deny the allegations

2 in paragraph 67.

### SECOND CLAIM FOR RELIEF

### (Breach of Contract Against NMS Properties, Neil Shekhter and

### Margot Shekhter)

6     68.    Defendants incorporate their responses to the foregoing paragraphs as

7 though set forth in full herein.

8     69.    Denied.

9     70.    Defendants admit that the Policies set forth general terms and

10 conditions, which speak for themselves.  Defendants deny that MAIC has accurately

11 or completely set forth, interpreted, or characterized the terms and conditions, or any

12 other provision, of the Policies.  Except as expressly admitted, Defendants deny the

13 allegations in paragraph 70.

14     71.    Denied.

15     72.    Denied.

### SEPARATE AND AFFIRMATIVE DEFENSES

17     Defendants hereby plead the following separate and affirmative defenses to

18 the Complaint.  By alleging the separate and affirmative defenses set forth below,

19 Defendants intend no alteration of the burden of proof and/or burden of going

20 forward with evidence that otherwise exists with respect to any particular issue at

21 law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and

22 do not constitute an admission of liability or that Plaintiffs are entitled to any relief

23 whatsoever.  Without limiting or waiving any defenses available to them, and based

24 on information and belief unless otherwise stated, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

27     73.    MAIC's Complaint, and each purported Claim for Relief therein, is

28 barred, in whole or in part, because MAIC fails to allege facts sufficient to state a

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

claim upon which relief may be granted.  In particular, and without limitation, there is no reasonable dispute, as is necessary for declaratory relief, regarding the existence of a potential for coverage for the various actions Defendants tendered to MAIC for a defense.  MAIC admits the Actions are **Claims**, which fall within the coverage of one or both Policies.  And its stated bases for denying coverage fail as a matter of law: California Insurance Code § 533 does not bar coverage for a defense of claims alleging intentional misconduct; and all actions, including those purportedly alleging **Interrelated Wrongful Acts**, were timely tendered to MAIC. Indeed, MAIC's Complaint alleges only that certain Actions were not timely tendered under the 14-16 Policy, but carefully avoids alleging that those Actions were not timely tendered under the 16-17 Policy.  Furthermore, MAIC has not—and as a matter of law cannot have—suffered any damages, as is necessary to state a claim for breach of contract, from the alleged untimely tender of any action for a defense because MAIC refused to provide such defense and has also refused indemnity.  Moreover, as noted above, MAIC does not allege any facts whatsoever showing breach of the 16-17 Policy's notice provision.

## SECOND AFFIRMATIVE DEFENSE
### (Bad Faith)

74.    MAIC's Complaint, and each purported Claim for Relief therein, is barred, in whole or in part, by MAIC's breach of the implied covenant of good faith and fair dealing, *i.e.*, its bad faith.  In particular, and without limitation, MAIC's wrongful delay, failure and refusal to provide benefits to which Defendants are entitled under the insurance policies issued to them by MAIC has lost the right, if any, under those policies: (1) to control Defendants' defense of the Actions or to object to, allocate, or otherwise limit the costs of such defense; (2) to receive notice of proceedings in the Actions; (3) to challenge the matters adjudicated in the Actions; (4) to limit MAIC's liability for any settlement or judgment in the Actions to the contractual limits under the policies or object to such settlement or judgment

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

as presumptive evidence of liability and damages as against MAIC; and (5) to object to the purported untimely notice of the Actions, such notice plainly being futile.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

75.     MAIC's Complaint, and each purported Claim for Relief therein, is barred, in whole or in part, by the doctrine of waiver.  In particular, and without limitation, by wrongfully refusing to defend Defendants against the Actions, despite full knowledge that there is a potential for coverage for the Actions under the policies MAIC issued to Defendants, MAIC waived the right, if any, under those policies: (1) to control Defendants' defense of the Actions or to object to, allocate, or otherwise limit the costs of such defense; (2) to receive notice of proceedings in the Actions; (3) to challenge the matters adjudicated in the Actions; (4) to limit MAIC's liability for any settlement or judgment in the Actions to the contractual limits under the policies or object to such settlement or judgment as presumptive evidence of liability and damages as against MAIC; and (5) to object to the purported untimely notice of the Actions, such notice plainly being futile.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

76.     MAIC's Complaint, and each purported Claim for Relief therein, is barred, in whole or in part, by the doctrine of estoppel.  In particular, and without limitation, MAIC admits, in the Complaint itself and/or in its coverage correspondence, that (1) (at least) the "Federal RICO Action and the SCRV Action are Claims under the 16-17 Policy"; (2) the allegations in the Property Management Action for which Defendants sought a defense from MAIC first appeared in an amended complaint filed on or about March 11, 2016, within the Policy Period of the 16-17 Policy; (3) Defendants timely tendered each of the foregoing Actions within the Policy Period of the 16-17 Policy; and (4) MAIC refused to defend those actions.  MAIC is estopped to deny the foregoing admissions which, among other

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

1  things, negate one or more allegations in MAIC's Complaint and/or elements of

2  MAIC's claims for relief.

3  **FIFTH AFFIRMATIVE DEFENSE**

4  **(Unclean Hands)**

5  77.  MAIC's Complaint, and each purported Claim for Relief therein, is

6  barred, in whole or in part, by the doctrine of unclean hands.  In particular, and

7  without limitation, MAIC's declaratory relief claim is barred by its bad faith and

8  violations of law, including Cal. Ins. Code § 790.03, which include, among other

9  things misrepresenting pertinent facts and/or provisions of the Policies relating to

10  any coverages at issue; (2) failing to acknowledge and act reasonably promptly upon

11  communications with respect to claims arising under the Policies; (3) failing to

12  adopt and implement reasonable standards for the prompt investigation and

13  processing of claims arising under the Policies; and (4) compelling insureds to

14  institute litigation to recover amounts due under the Policies.

15  **SIXTH AFFIRMATIVE DEFENSE**

16  **(Failure to Mitigate)**

17  78.  MAIC's Complaint, and each purported Claim for Relief therein, is

18  barred, in whole or in part, by MAIC's failure to mitigate its purported damages.  In

19  particular, and without limitation, MAIC failed to defend Defendants against the

20  Actions, under a reservation of rights or at all, even though there is a potential for

21  coverage under the policies MAIC issued to Defendants.  As a result, MAIC lost the

22  right, if any, under the policies MAIC issued to Defendants: (1) to control

23  Defendants' defense of the Actions or to object to, allocate, or otherwise limit the

24  costs of such defense; (2) to receive notice of proceedings in the Actions; (3) to

25  challenge the matters adjudicated in the Actions; (4) to limit MAIC's liability for

26  any settlement or judgment in the Actions to the contractual limits under the policies

27  or object to such settlement or judgment as presumptive evidence of liability and

28  damages as against MAIC; and (5) to object to the purported untimely notice of the

1 | Actions, such notice plainly being futile.

2 | <u>**RESERVATION OF ADDITIONAL DEFENSES**</u>

3 | 79. The Complaint does not describe the events or claims therein with

sufficient particularity and/or in a sufficiently coherent manner to enable Defendants

to determine all of the defenses which may exist to such events and claims.

Defendants therefore reserve their rights to add, delete, or modify any and all

defenses which may pertain to the Complaint when and if the precise nature of such

events and claims is determined through clarification or amendment of the

Complaint, through discovery, through further legal analysis of Defendants' claims

and positions in this litigation, or otherwise.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Defendants respectfully request that the Court enter judgment for

Defendants and against MAIC, as follows:

A. That MAIC take nothing by its Complaint;

B. That Defendants be awarded their attorneys' fees and costs of suit; and

C. That Defendants be awarded such other and further relief as the Court

deems proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Defendants hereby demand a trial by jury under Fed. R. Civ. Proc. 38(a).

DATED: June 9, 2017          Respectfully submitted,

MILLER BARONDESS, LLP

By:          /s/ Louis R. Miller

LOUIS R. MILLER
Attorneys for Defendants
NMS Properties, Inc.; NMS Capital
Partners I, LLC; Neil Shekhter; and
Margot Shekhter

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

## COUNTERCLAIMS OF NMS PROPERTIES, INC.; NEIL SHEKHTER; AND MARGOT SHEKHTER

Counter-claimants NMS Properties, Inc. ("NMS Properties"); Neil Shekhter; and Margot Shekhter (collectively, "Counter-claimants") hereby assert the following counterclaims against Plaintiff and Counter-defendant Markel American Insurance Company ("MAIC"):

## INTRODUCTION

1.     These counter-claims arise out of MAIC's unreasonable and wrongful delay and refusal to defend or indemnify Counter-claimants against various claims, complaints, cross-complaints and counter claims in connection with: *P6 LA MF Holdings SPE, LLC v. NMS Properties, Inc.*, *et al.*, C.D. Cal. Case No. 2:17-cv-00616-RGK-SS (Hon. Gary Klausner) (the "RICO Action"); *Neil Shekhter, et al. v. Dennis J. Wong, et al.*, L.A.S.C. Case No. SC126760 (Hon. Gerald Rosenberg) (the "SCRV Action"); and *P6 LA MF Holdings SPE, LLC v. NMS Properties, Inc.*, L.A.S.C. Case No. (Hon. Michael Johnson) (the "Properties Action").  The foregoing lawsuits are referred to collectively herein as the "Actions."  The plaintiffs, counter-complainants and cross-complainants in the Actions are referred to collectively herein as "Claimants."

## JURISDICTION, VENUE AND PARTIES

2.     The Court has supplemental jurisdiction over Counter-claimants' counter-claims pursuant to 28 U.S.C. § 1367(a).

3.     MAIC has consented to venue in this Court by filing suit against Counter-claimants here.

4.     Counter-claimant NMS Properties is a California corporation with its principal place of business in Santa Monica, California.

5.     Counter-claimant Neil Shekhter is, and at all times relevant to these Counter-claims was, an individual residing in Los Angeles County, California.

6.     Counter-claimant Margot Shekhter is, and at all times relevant to these

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    Counter-claims was, an individual residing in Los Angeles County, California.

2        7.    On information and belief, Counter-claim Defendant MAIC is, and at

3    all times relevant to these Counter-claims was, a Virginia corporation with its

4    principal place of business Glen Allen, Virginia.

5    __FACTS__

6        8.    In exchange for valuable consideration, MAIC provided policies of

7    insurance to Counter-claimants, including without limitation, Directors and Officers

8    ("D&O) and Company Liability Insurance under written insurance policies

9    ML815313 (effective September 28, 2014 to January 28, 2016) (the "14-16 Policy")

10    and ML820285 (effective January 28, 2016 to March 29, 2017) (the "16-17

11    Policy"). The 14-16 Policy (a renewal of policy ML810410) and the 16-17 Policy

12    (a renewal of the 14-16 Policy), are collectively referred to herein as the "Policies."

13        9.    At all times, Counter-claimants paid all premiums on Policies as they

14    became due and payable, and has duly complied with all material conditions in the

15    Policies, except for those conditions which have been waived or excused by MAIC.

16        10.    The Policies promise coverage for, among other things:

17    **A.    INSURED PERSON LIABILITY COVERAGE**

18    The Insurer shall pay on behalf of the **Insured Persons** all **Loss** for which the

19    **Insured Persons** are not indemnified by the **Company** and which the **Insured**

20    **Persons** become legally obligated to pay on account of any **Claim** first made

21    against **Insured Persons**, individually or otherwise, during the **Policy Period** or

22    the **Extended Reporting Period**, if exercised, for a **Wrongful Act** taking place

23    before or during the **Policy Period**;

24    **B.    COMPANY REIMBURSEMENT COVERAGE**

25    The Insurer shall pay on behalf of the **Company** all **Loss** for which the

26    **Company** grants indemnification to the **Insured Persons**, as permitted or

27    required by law, and which the **Insured Persons** have become legally obligated

28    to pay on account of any **Claim** first made against **Insured Persons**, individually

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

or otherwise, during the **Policy Period** or the **Extended Reporting Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**; and

## C.    COMPANY LIABILITY COVERAGE

The Insurer shall pay on behalf of the **Company** all **Loss** which the **Company** becomes legally obligated to pay on account of any **Claim** first made against the **Company** during the **Policy Period** or the **Extended Reporting Period**, if exercised, for a **Wrongful Act** taking place before or during the **Policy Period**.

11.    The Policies also provide that "[t]he **Insurer** shall have the right and duty to defend any **Claim** covered under such **Coverage Part**, even if any of the allegations are groundless, false or fraudulent."

12.    The Policies define **Loss** as, among other things, "the total amount the **Insured** becomes legally obligated to pay on account of covered **Claims** made against them, including, but not limited to, damages (including punitive, exemplary or multiple damages), judgments, any award of pre-judgment and post-judgment interest with respect to covered damages, settlements, **Claim Expenses**…."

13.    The Policies define a **Claim** as, among other things, "a civil proceeding against any **Insured** commenced by the service of a complaint or similar pleading upon such **Insured**."

14.    The Policies define a **Wrongful Act** as, among other things, "any actual or alleged error, misstatement, misleading statement, act, omission, neglect, or breach of duty by any **Insured Person** in their capacity as such … or with respect to Insuring Agreement C, by the **Company**…."

15.    The Policies define an **Insured** as "the **Insured Persons** and, solely with respect to Insuring Agreement B, Insuring Agreement C and Insuring Agreement D, the **Company**."

16.    The Policies define an **Insured Person** as, among other things, "any natural person who was, now is or shall during the **Policy Period** become a duly

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

elected or appointed director, trustee, governor, **Manager**, officer, advisory director, or member of a duly constituted committee or board of the **Company** or their functional equivalent."

17.    The Policies define the **Company** as NMS Properties, Inc.  NMS Properties, therefore, is an Insured.  As officers of NMS Properties, Neil and Margot Shekhter are Insured Persons.

18.    The Actions are Claims, as defined above; namely, "civil proceeding[s] against any **Insured** commenced by the service of a complaint or similar pleading upon such **Insured**."  In particular, NMS Properties is a defendant or cross-claim defendant in all three of the Actions while Neil and Margot Shekhter are defendants or cross-claim defendants in the RICO Action and SCRV Action.

19.    The Actions seek damages and other costs, as well as injunctive relief, from Cross-complainants as a result of various alleged **Wrongful Acts** including, among other things, that one or more Cross-complainants:

- Sent misleading emails to representatives of the Claimants, third-party lenders, auditors, property managers, title insurance companies, potential buyers, former employees, counsel, and others;

- Filed, prosecuted or threatened allegedly "sham" litigation against the Claimants or various third parties;

- Misrepresented themselves as the manager of certain properties purportedly belonging to the Claimants;

- Unlawfully collected rents from the foregoing properties, trespassed on the properties, and/or preventing the Claimants from accessing the properties;

- Wrongfully withheld or destroyed books and records purportedly belonging to the Claimants;

- Made false or reckless statements purportedly casting doubt upon

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

the Claimants' ownership of the properties;

- Made misleading or defamatory statements or omissions that purportedly induced third parties not to consummate economic relations with the Claimants; and

- Spoliated evidence.

20.     Counter-claimants timely provided notice of, and tendered, the Actions to MAIC.  As MAIC admits in its Complaint, Counter-claimants provided notice of the SCRV Action no later than January 10, 2017; of the RICO Action no later than January 27, 2017; and of the Properties Action no later than March 24, 2017, each of which is within the Policy Period of the 16-17 Policy.  In addition, pleadings in the SCRV Action and RICO Action, which Counter-claimants provided to MAIC with notice of those Actions, describe the Properties Action in detail.

21.     Despite having an acknowledged duty to defend Counter-claimants, MAIC wrongfully delayed, denied and refused, and continues to wrongfully delay, deny and refuse, to defend Counter-claimants or to pay the costs of their defense.  Consequently, Counter-claimants have been forced to defend themselves and pay the costs of that defense out of their own pockets, without reimbursement from either of the Policies.

22.     MAIC's denials of coverage were unjustified.  Solely by way of example:

- MAIC based its refusal to defend Counter-claimants in the SCRV Action solely on an exclusion in the 16-17 Policy for Claims involving the rendering or failure to render "professional services" (*i.e.*, malpractice), even though the cross-complaint in the SCRV Action does not allege such conduct, but rather alleges false and misleading statements regarding the right to own and possess certain real and personal property, and theft of and trespass on such property.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

- MAIC denied coverage for, and refused to defend the RICO and Properties Actions, on the asserted ground that the complaint in that case alleged only intentional misconduct that Ins. Code § 533 prohibited MAIC from defending, even though (1) the text of section 533, and established California law interpreting the provision, limit its application solely to an insurer's obligation to *indemnify* and not its duty to defend; (2) the Policies expressly promise a defense against Claims alleging willful, intentional misconduct pending a final, non-appealable judgment; and (3) the allegations in the RICO Action encompass conduct that is *less than* willful and intentional;

- MAIC also denied coverage for, and refused to defend the RICO and Properties Actions, on the asserted ground that the claims are related to the cross-complaint in another action—the Lincoln Studios Action—that MAIC contends was not timely tendered, even though the cross-complaint was against a party MAIC itself contends is not an insured under the Policies and therefore had no obligation to tender the action at all.

- MAIC further denied coverage for the Properties Action on the asserted ground that the admittedly timely tendered amended complaint for which Cross-complainants seek a defense "relates back" to the original complaint, even though that complaint does not contain allegations triggering a duty to tender such that MAIC would have denied coverage.

- MAIC has attacked its insured on two fronts, causing their complaint to be transferred to the same Court in which Counter-claimants are defending against the underlying RICO Action that MAIC was asked to defend.

- After rushing to sue its insureds, MAIC has sought to maximize the prejudice to them by assuming, and seeking in this case to prove, the truth of the claims Cross-complainants asked MAIC to defend, and refusing Cross-complainants' reasonable request to await the Court's resolution of those claims (which are the subject of three pending dispositive motions) before litigating overlapping coverage issues.

- In a bid to intimidate Cross-complainants into foregoing insurance coverage to which they are entitled, MAIC brought a damages claim against its insureds for alleged "breach" of the Policies' notice provisions, even though MAIC *denied* coverage and has paid *nothing* under the Policies.

- In yet another bid to intimidate Cross-complainants into foregoing insurance coverage to which they are entitled, MAIC threatened, without justification, to seek to disqualify Cross-complainants' counsel in this case.

23.     The Actions continue to be litigated by and among the parties, and various of the parties have, from time to time, engaged in settlement discussions regarding all or part of the Actions.  Because a final judgment has not yet been entered resolving the Actions, Counter-claimants' claims against MAIC have been, and remain, tolled under California law.

24.     From and after the tender of the Actions to MAIC, Counter-claimants have incurred, and continue to incur, defense costs necessary to avoid and/or minimize Counter-claimants' potential liability in any of the Actions.

## FIRST CAUSE OF ACTION

### (Breach of Contract – Failure to Defend)

25.     Counter-claimants re-allege and incorporate each of the foregoing paragraphs of their counter-claims as though set forth in full herein.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

26.   MAIC has breached its contractual obligations under the Policies issued by MAIC to Counter-claimants, including MAIC's duty to defend Counter-claimants against the Actions by, among other things, denying coverage for, delaying, refusing and failing to pay Counter-claimants' defense costs incurred with respect to, the Actions.

27.   As a direct and proximate result of MAIC's breaches of contract as alleged herein, Counter-claimants have been required to defend themselves against the Actions and to incur, agree to pay or pay the costs of that defense without reimbursement.  Counter-claimants have thereby been damaged in an amount to be determined at trial, which damages include, without limitation, unreimbursed defense costs incurred in connection with responding to and defending against the Actions, together with interest thereon.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

28.   Counter-claimants re-allege and incorporate each of the foregoing paragraphs of their counter-claims as though set forth in full herein.

29.   MAIC has breached the implied covenant of good faith and fair dealing by, among other things: (1) wrongfully and unreasonably denying its full duty to defend Counter-claimants against the Actions, including wrongfully and unreasonably refusing to pay for defense costs incurred by Counter-claimants in connection therewith; (2) compelling the insureds to institute litigation to obtain coverage and recover amounts due under the MAIC Policies; (3) failing to adopt and implement reasonable standards for the handling of claims; (4) taking unreasonable positions, including in litigation, concerning the coverage provided under MAIC's Policies; (5) misrepresenting the coverage provided by the Policies; (6) wrongfully elevating MAIC's own interests over those of Counter-claimants; and (7) suing its own insureds and causing the case to be transferred to the same Court where Counter-claimants are defending the underlying RICO Action MAIC should be

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   defending, thereby attacking Counter-claimants on two fronts.

2      30.    As a direct and proximate result of MAIC's breaches of its duties of

3   good faith and fair dealing as set forth above, Counter-claimants have suffered

4   damages, plus interest, together with all of its attorneys' fees and costs incurred in

5   prosecuting this action to seek insurance coverage benefits wrongfully withheld by

6   MAIC.

7      31.    MAIC's unjustified and unreasonable conduct was calculated to

8   deprive Counter-claimants of the benefits of their bargain, with resulting harm to

9   Counter-claimants.  MAIC's breaches of its duty of good faith and fair dealing were

10  done with a conscious disregard of Counter-claimants' rights and with the intent to

11  vex, injure or annoy Counter-claimants so as to constitute oppression or malice.

12  Counter-claimants are therefore entitled to exemplary damages to punish and make

13  an example of MAIC.

14                      **PRAYER FOR RELIEF**

15      WHEREFORE, Counter-claimants respectfully request that the Court enter

16  judgment for Counter-claimants and against MAIC, as follows:

17      A.    For compensatory damages, including all of Counter-claimants'

18  unreimbursed defense costs incurred in responding to and defending against the

19  Actions, and any other benefits due under the Policies;

20      B.    For foreseeable consequential damages, in an amount to be proven at

21  trial;

22      C.    For all other damages proximately caused by MAIC's bad faith, in an

23  amount to be proven at trial;

24      D.    For exemplary and punitive damages;

25      E.    For interest as allowed by law;

26      F.    For Counter-claimants' attorneys' fees and costs of suit in this action;

27  and

28      G.    For such other and further relief as the Court may deem just and proper.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1

## **DEMAND FOR JURY TRIAL**

2

Counter-claimants hereby demand a trial by jury on all counter-claims to

3

which they are entitled to a jury.

4

5  DATED:  June 9, 2017            Respectfully submitted,

6

MILLER BARONDESS, LLP

7

8                    By:        /s/ Louis R. Miller

9                                LOUIS R. MILLER

10                               Attorneys for Defendants and
                                 Counter-Claimants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1999 Avenue of the Stars, Suite 1000, Los Angeles, CA 90067.

On June 9, 2017, I served true copies of the following document(s) described as:

**ANSWER TO COMPLAINT; COUNTERCLAIM**

on the interested parties in this action as follows:

**SERVICE LIST**

Michael F. Perlis                          *Attorneys for Plaintiff and*
Cary Joy Economou                          *Counter-Defendant*
LOCKE LORD LLP
300 S. Grand Avenue, Suite 2600            *Markel American Insurance Company*
Los Angeles, CA 90071
Telephone:  213.485.1500
Fax:        310.485.1200
E-mail:     mperlis@lockelord.com
            economou@lockelord.com

**BY CM/ECF:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 9, 2017, at Los Angeles, California.

John B. Park

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400